Ryan L. Marshall (Idaho Bar No. 8564)
BARNES & THORNBURG LLP
222 S. Main Street, Suite 500
Suite 500
Salt Lake City, UT 84101
Phone: 801-817-9805
Fax: 801-817-9811
Email: Ryan.Marshall@btlaw.com

Jordan S. Weinstein (pro hac vice to be requested)
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20006-4623
Phone: 202-289-1313
Fax: 202-289-1330
Email: Jordan.Weinstein@btlaw.com

Seth A. Gold (pro hac vice to be requested)
Roya Rahmanpour (pro hac vice to be requested)
BARNES & THORNBURG LLP
2029 Century Park East
Suite 300
Los Angeles, CA 90067
Phone: 310-284-3880
Fax: 310-284-3894
Email: Seth.Gold@btlaw.com
Roya.Rahmanpour@btlaw.com

*Attorneys for Plaintiffs Albertsons Companies, Inc. and Safeway Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| ALBERTSONS COMPANIES, INC. and SAFEWAY INC. | **Civil Action No. 20-70** |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| S.E. MEATS, INC. d/b/a SOUTHEASTERN MEATS | **JURY TRIAL DEMANDED** |
| Defendant. | |

## **COMPLAINT**

The Plaintiffs, Safeway Inc. ("Safeway") and Albertsons Companies, Inc. ("Albertsons")(collectively the "Plaintiffs"), by counsel, allege for their complaint against the Defendant, S.E. Meats, Inc., d/b/a Southeastern Meats ("Defendant"), as follows:

### **Jurisdiction and Venue**

1.      Plaintiff Albertsons is a corporation organized under the laws of the State of Delaware, having its principal place of business in Boise, Idaho.

2.      Plaintiff Safeway is a corporation organized under the laws of the State of Delaware, having its principal place of business in Pleasanton, California.

3.      On information and belief, Defendant is a corporation organized under the laws of the State of Alabama, having its principal place of business in Birmingham, Alabama.

4.      This is a case of actual controversy, within the jurisdiction of this court, that is in all respects suited for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57, declaring the rights of Plaintiffs, as set out below.

5.      This action is one over which this court has original jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over Defendant because upon information and belief, Defendant has caused harm in this judicial district; and Defendant has sent to Plaintiffs within this Judicial District a letter alleging infringement of Defendant's alleged trademark SIGNATURE SELECT ("Defendant's Mark").

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiffs' Business and Trademarks

8.     In 1939, Plaintiff Albertsons' founder Joe Albertson opened the first Albertsons grocery store at 16th and State streets in Boise. Today, Albertsons is one of the largest food and drug retailers in the United States.

9.     Albertsons operates stores across 34 states and the District of Columbia under 20 well-known banners, including Albertsons, Vons, Jewel-Osco, Shaw's, Acme, Tom Thumb, Randalls, United Supermarkets, Pavilions, Star Market, Haggen, Carrs, and co-Plaintiff Safeway.

10.     Plaintiff Safeway also has Idaho roots and a long pedigree. M.B. Skaggs opened his first grocery store in American Falls, Idaho in 1915.  By 1924, that single store had grown to 400 stores, and was incorporated as Safeway Inc.

11.     Today, Safeway operates stores across 35 states and the District of Columbia under 20 well-known banners.

12.     Safeway was one of the pioneers of "Own Brands" in supermarkets, creating lines of branded products that offer consistent quality across product categories.

13.     One of Safeway's earliest Own Brands was SAFEWAY SELECT, which it launched in 1993, and which has grown to many hundreds of items across the store.

14.     Well before the claimed first use or registration of Defendant's Mark, Safeway launched a line of SIGNATURE products.  Safeway adopted the SIGNATURE CAFÉ mark in 2006 for a line of prepared foods, including chicken wings, and for delicatessen services.  Safeway's SIGNATURE CAFÉ mark has been Federally registered under Registration No. 3486755 since 2008, with priority dating back to April of 2006 – three years before Defendant's predecessor

allegedly adopted its SIGNATURE SELECT mark, and seven years before Defendant's predecessor filed an application to register its mark.

15.     Safeway owns an additional Federal registration for SIGNATURE CAFÉ, issued in October 2009 under Reg. No. 3694479, and identifying roasted chicken, fried chicken and chicken tenders, among other goods.

16.     Safeway's line of SIGNATURE marks extends to SIGNATURE FARMS (subject of Federal Registration No. 5060286 for various produce items, issued October 2016), SIGNATURE KITCHENS (subject of Federal Registration No. 5082847 for a wide line of supermarket food items, including poultry, issued November 2016), SIGNATURE CARE (subject of Federal Registration No. 5541301 for a wide line of health care and beauty items, issued August 2018), and SIGNATURE RESERVE (subject of Federal Registration No. 5963504 for spirits and wines, issued January 2020).

17.     Safeway also owns a number of Federal registrations for SAFEWAY SELECT, for a full line of premium items across the supermarket.   The earliest of these registrations, Registration No. 1888655, identifies "ice cream, balsamic vinegar, pasta sauce, cookies, mayonnaise and salsa" and was registered in 1995.   Registration No. 2135926 for SAFEWAY SELECT was issued in 1998, and identifies poultry-based dishes, among other food items.

18.     One of Albertsons' banners, too, had a SELECT mark.   Their Jewel banner used SELECT for bakery and prepared food promotions (including fried chicken) commencing in 2014.

19.     When Safeway was acquired by Albertsons in 2015, the companies relaunched the SAFEWAY SELECT brand as SIGNATURE SELECT, a name that drew on Safeway's SIGNATURE and SELECT lines of products, and also could migrate well to Albertsons and the rest of its family of banners.

20.    In February 2015, Safeway filed an application to register its SIGNATURE SELECT logo (pictured below) in connection with "Frozen packaged entrees and meals consisting primarily of meat, fish, poultry or vegetables; fruit preserves; canned processed olives; olive oil, bacon; canned tuna; frozen packaged chicken/beef/pork served with pasta or rice entrees; fruit jams", and "Frozen, prepared or packaged meals consisting primarily of pasta or rice; pasta; frozen confections; frozen yogurt, ice cream; macaroni and cheese; mixes for bakery goods; noodles, sauce, and seasoning toppings combined in unitary packages; frozen pizzas; salad dressings; soy sauce, salsa and taco sauce, pasta, sauces, namely, cream sauces and grilling sauces; cookies; crackers; chow mein noodles; frozen cheesecake; coffee; tea, cocoa mix; fruit flavoring syrup for use as food; rice and seasoning mix combined in unitary packages; croutons, cookie mix, phyllo dough; ravioli, marinades, vinegar". That application was published in 2015 without objection, was registered in 2016 under US Reg. No. 5073950, and is a valid and subsisting Federal Registration.



21.    Safeway filed an application to register the SIGNATURE SELECT word mark in 2017, in connection with "Frozen, prepared and packaged entrees and meals consisting primarily of meat, fish, poultry and vegetables; dairy products, namely, milk, butter; dairy-based beverages". That application was published in August 2017 without objection, was first used in December of 2017, was registered in May 2018 under U.S. Reg. No. 5476807, and is a valid and subsisting Federal Registration.

22.     Safeway filed a third application to register the SIGNATURE SELECT word mark in March 2017, in connection with a wide range of food, beverage, and other supermarket items, and retail grocery store, pharmacy and drugstore services.  That application was published in March 2018, received no objection, and was granted a Notice of Allowance by the U.S. Patent and Trademark Office.  Once Safeway submits an Allegation of Use for the mark in connection with these goods, the application will issue as a Federal Registration.

23.     Plaintiffs have used the SIGNATURE SELECT trademark in commerce across the nation since at least April of 2015. As a result of Plaintiffs' continued and growing use, the SIGNATURE SELECT trademarks, as reflected in U.S. Reg. No. 5073950 and U.S. Reg. No. 5476807, have developed substantial secondary meaning.  Based on Plaintiffs' use across the United States, Plaintiffs' SIGNATURE SELECT trademarks as described above have also garnered substantial common law rights across the United States.  Plaintiffs' SIGNATURE SELECT logo and word marks, based on Safeway's registrations and Plaintiffs' common law rights, are referred to collectively as "Plaintiffs' SIGNATURE SELECT Marks".

24.     Plaintiffs have made substantial and growing investment in marketing, advertising, offering for sale, and selling their goods under Plaintiffs' SIGNATURE line of marks, and specifically Plaintiffs' SIGNATURE SELECT Marks, based in part on the fact that they had not received any objections to such use from Defendant or anyone else since filing and obtaining registrations for such marks.

<u>Defendant's Business and Trademarks</u>

25.     Defendant claims to be the assignee of U.S. Registration Nos. 4769138 ("Defendant's '138 Registration") and 4610646 ("Defendant's '646 Registration") for the mark SIGNATURE SELECT, filed and registered by Signature Food Marketing, LLC.

26.     On information and belief, Defendant's predecessor Signature Food Marketing, LLC abandoned the mark of the '646 Registration by discontinuing use of the mark on the goods identified in the registration, without the intent to resume use.

27.     On information and belief, Defendant's predecessor Signature Food Marketing, Inc. abandoned the mark of the '138 Registration by discontinuing use of the mark for all goods except potentially individually quick-frozen ("IQF") chicken parts and potentially ground beef patties, without the intent to resume use.

28.     On information and belief, Defendant's predecessor Signature Food Marketing, Inc. had abandoned its use of the SIGNATURE SELECT mark as aforesaid before the '646 and '138 Registrations were acquired by Defendant.

29.     Upon information and belief, Defendant has made no use of Defendant's Mark other than to license the mark immediately back to its predecessor for the sole use its predecessor potentially was still making, with IQF chicken parts.

30.     Upon information and belief, Defendant has no concrete plans to commence use of Defendant's Mark, but plans instead to sell them to Plaintiffs at a price well beyond its worth.

31.     Upon information and belief, Defendant purchased the rights in Defendant's Mark with full knowledge of Plaintiff's Registered Marks and Safeway's line of SIGNATURE marks, and with the intent only to sell to Plaintiffs its registrations, which are hollow except potentially for a single, ongoing use.

32.     Upon information and belief, there have been no instances of actual confusion caused by the concurrent use of the respective trademarks for several years.

Defendant's Claims

33.     Beginning in July of 2019, Defendant alleged that Plaintiffs' use of Safeway's SIGNATURE SELECT Marks "constitutes trademark infringement, in violation of [Defendant]'s rights", and threatened to "defend its rights" and pursue available remedies.

34.     Defendant has demanded that Plaintiffs cease use of their SIGNATURE SELECT Marks or purchase Defendant's alleged rights to its Mark.

## COUNT I

### Request for Declaratory Judgment

35.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 34 as if fully set forth in this paragraph.

36.     An actual and justiciable controversy exists between Plaintiffs and Defendant with respect to the alleged infringement of Defendant's alleged Mark.

37.     Plaintiffs have an objectively reasonable apprehension that they will be subject to a trademark infringement suit brought by Defendant in light of Defendant's letter and subsequent communications.  Plaintiffs also have a reasonable apprehension of continuing investing in and selling goods under Plaintiffs' SIGNATURE SELECT Marks given Defendant's repeated allegations of infringement and threats without action.  Defendant has repeatedly demanded that Plaintiffs purchase Defendant's registrations or stop using Plaintiffs' SIGNATURE SELECT Marks.

38.     Plaintiffs deny that they have infringed upon any of Defendant's alleged trademark rights or have engaged in acts of unfair competition.

39.     To wit, among other things, Defendant is guilty of laches and/or acquiescence by virtue of its and its predecessor's failure to object to Plaintiffs' use of the SIGNATURE SELECT

Marks, Safeway's applications for trademark registrations for the SIGNATURE SELECT Marks, and Safeway's two Federally-registered Marks, while Plaintiffs expanded the use of their Marks in the number of stores sold and items covered by the marks.

40.     Defendant and/or its predecessor are guilty of laches and/or acquiescence by standing idly by while Plaintiff Safeway filed and registered its Marks for an increasing number of items, and sold products under Plaintiffs' Marks in an increasing number of banners, while Defendant's predecessor instead abandoned Defendant's Mark except potentially for one or two items.

41.     Actual and prospective purchasers of SIGNATURE SELECT products in Plaintiffs' stores and banners will likely connect Plaintiffs' SIGNATURE SELECT Marks to Safeway's existing line of SIGNATURE marks, and associate these SIGNATURE SELECT products exclusively with Plaintiffs, and not with Defendant.

42.     The threat of trademark infringement being made by Defendant against Plaintiffs is causing, and if allowed to persist, will continue to cause irreparable damage to Plaintiffs.

43.     Plaintiffs respectfully request this Court to declare that Plaintiffs' use and registration of Plaintiffs' Marks do not infringe any rights of the Defendant or constitute federal or common law unfair competition.

44.     An actual controversy within the jurisdiction of this court exists between Plaintiffs and Defendant with respect to Plaintiffs' right to use, and Plaintiff Safeway's right to register, their SIGNATURE SELECT Marks, whether Defendant possesses any rights in its alleged Mark, and if so, the narrow scope of those rights, whether Defendant and/or its predecessor has waived or forfeited the right to enforce Defendant's alleged Mark against Plaintiffs, whether some or any use of Plaintiffs' SIGNATURE SELECT Marks constitutes unfair methods of competition or

unfair or deceptive acts or practices, causes a likelihood of confusion, or infringes Defendant's federal or common law rights in its alleged trademark.

45.    Plaintiffs are entitled to a declaration that they may use and register their SIGNATURE SELECT Marks without infringing upon the rights of Defendant, that Plaintiffs' SIGNATURE SELECT Marks does not constitute unfair methods of competition or unfair or deceptive acts or practices, do not cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services, and do not infringe Defendant's federal or common law rights in its alleged trademark; and that Defendant and/or its predecessor has waived or forfeited the right to enforce Defendant's alleged Mark against Plaintiffs.

46.    The rights of the parties to this controversy can be finally determined by a declaratory judgment of this court.  A declaratory judgment would serve the useful purpose of settling the controversy, in that the rights that would be the subject of further litigation between the parties hereto will be finally established and not then form the basis for further litigation.

47.    This complaint for declaratory relief is not excluded by any of the exclusions listed in 28 U.S.C. § 2201, and considerations of practicality and wise judicial administration.

**WHEREFORE,** Plaintiffs pray for the following relief:

A.    A declaration that Plaintiffs may continue to use and register Plaintiffs' SIGNATURE SELECT Marks in connection with supermarket goods and services without the objection or interference of Defendant;

B.    A declaration that Plaintiffs are not infringing upon any federal or common law trademark rights owned by Defendant in its alleged SIGNATURE SELECT Mark;

- 10 -

C.      A declaration that Plaintiffs are not engaging in unfair methods of competition or unfair

or deceptive acts or practices by their use and registration of Plaintiffs' SIGNATURE SELECT

Marks, and are not causing a likelihood of confusion or of misunderstanding as to the source,

sponsorship, approval, or certification of goods or services;

D.      A declaration that Plaintiffs' use and registration of Plaintiffs' SIGNATURE SELECT

Marks does not cause a likelihood of confusion with Defendant's federal or common law rights

in its alleged SIGNATURE SELECT Mark;

E.      A declaration that Defendant and/or Defendant's predecessor have abandoned all, or all

but a limited scope, of rights in Defendant's alleged SIGNATURE SELECT Mark;

F.      A declaration that Defendant and/or Defendant's predecessor are guilty of laches and/or

acquiescence, and therefore cannot assert their alleged trademark rights as against Plaintiffs;

G.      An Order that Defendant's '138 Registration and Defendant's '646 Registration be

cancelled for abandonment, or that Defendant's '646 Registration be cancelled, and Defendant's

'138 Registration be limited to "frozen chicken, namely, chicken wings";

H.      An Order that Defendant is entitled to no relief against Plaintiffs for their use and

registration of Plaintiffs' SIGNATURE SELECT Marks; and

I.      All other relief as may be proper.

<div style="margin-left: 50%;">

Respectfully submitted,
/s/ Ryan L. Marshall
Ryan L. Marshall (Idaho Bar No. 8564)
BARNES & THORNBURG LLP
222 S. Main Street, Suite 500
Salt Lake City, UT 84101
Phone: 801-817-9805
Fax: 801-817-9811
Email: Ryan.Marshall@btlaw.com
Attorneys for Plaintiffs Albertsons
Companies, Inc. and Safeway Inc.

</div>